■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES JAMISON, Appellant.— Judgment of the County Court, Westchester County, rendered May 20, 1966, affirmed. It was not error for the trial court to have omitted instructions on the law of agency in narcotics sales. There is no indication whatsoever that defendant was anything other than the principal seller in these transactions (cf. *People* v. *Lindsey,* 16 A D 2d 805, affd. 12 N Y 2d 958). Nor was evidence of any overt act other than the sale itself necessary to support the fourth count of the indictment — possession with intent to sell. Similarly, no error was committed by the admission into evidence of People's Exhibits 2 and 3 (the alleged narcotics bought from defendant), as to which no objection was made, since the chain of identification of the specimen and its unchanged condition from the time it was purchased from defendant until it reached the chemist with seal intact were sufficiently established despite the absence of testimony by postal employees who handled it in the interim (*People* v. *Goedkoop,* 26 Misc 2d 785). The trial court's failure to instruct the jury with respect to the misdemeanor of possession of narcotics did not constitute reversible error in the absence of a request to so charge (see Code Crim. Pro., § 420-a), especially since there was ample evidence to sustain the conviction. Beldock, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN LAW, Appellant.— Judgment of the Supreme Court, Kings County, rendered July 7, 1967, modified, on the law and the facts and in the exercise of discretion, so as to provide that the execution of the remainder of defendant's six-month sentence be suspended and defendant placed on probation, upon terms and conditions to be fixed by the Supreme Court, Kings County. As so modified, judgment affirmed. The case is remitted to the Supreme Court, Kings County, so as to enable it to fix the terms and conditions of the probation. In our opinion, under the circumstances herein, justice would be better served by placing defendant on probation. Beldock, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.