■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY LEE ALLEN, Appellant.—Appeal from a judgment of the County Court of Fulton

County, rendered March 16, 1976, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the fifth degree. Defendant contends that the People failed to establish the necessary chain of possession of the substance in question and, consequently, it was error to permit its introduction into evidence, and the chemist to base his expert opinion on that sample. He also contends the trial court erred in ruling that the question of continuity of possession goes to weight and not admissibility. The record discloses that following the purchase of the substance by the police officer from the defendant, the officer processed it for its use as evidence, initialed it, and placed it in a safe in the police barracks. Thereafter the officer removed the substance from the safe and took it to the State Police laboratory for analysis, where it was found to be marijuana. The chemist who made the analysis, at the police laboratory then sealed the marijuana, initialed it, and returned it to the safe or vault. It was also initialed by another police officer who took part in the investigation. On the trial the chemist identified the bag containing the marijuana as the same one he had sealed and initialed and the same one given to him for analysis. It is clear from the record that the prosecution established an adequate chain of custody to support the admissibility of the controlled substance. The officer who made the purchase testified on the trial that she recognized the bag and the substance that she had obtained from the defendant and also her initials which she had placed upon the bag while the evidence was being processed. The officer who accompanied her on the investigation and back to the barracks after the purchase testified that he recognized the bag containing the substance because it contained his initials which he placed thereon at the time the purchasing officer was processing the evidence. Finally, the chemist who analyzed the vegetable matter testified that he recognized the exhibit containing the same and that he placed his initials upon the bag containing the vegetable matter, performed the laboratory tests and then resealed the bag and placed it along with the evidence tag and the outside bag into another bag which he heat sealed and initialed. All of these items were recognized and identified by the officer-chemist on the witness stand. Defendant's objection that the evidence is inadmissible because there is a two-day interval between the time the purchasing officer gave the substance to the receiving clerk and when the chemist received it is without merit. The testimony by the chemist was that he received the substance in a sealed bag with the purchasing officer's initials on it (and also those of the officer who had accompanied her). We have no claim by defendant that the evidence was altered during this two-day period nor that it did not remain in police custody. It has been held that the chain of custody requirement should not be extended to unreasonable limits *(People v Julian,* 41 NY2d 340; *People v Jamison,* 29 AD2d 973). In the absence of any evidence giving rise to a reasonable belief that the condition of the substance may have changed in the two-day period, we must find the chain of possession was adequately established under all the circumstances. The trial court properly allowed its admission and left to the jury the weight to accord to it. In the light of the foregoing, the additional contention that a connection was never made between a case number on a submission report (which the chemist used to obtain the bag and contents from the receiving clerk) and the bag and contents the purchasing trooper received from the defendant is without merit. Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.