■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SCALZI, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 20, 1983, upon a verdict convicting defendant of the crimes of criminally negligent homicide (one count) and operating a motor vehicle while under the influence of alcohol (two counts). ¶ Defendant was involved in an automobile accident on the New York State Thruway shortly after 4:00 A.M. on September 18, 1982. The car that he was driving left the driving lane and crashed into the rear of a disabled car owned by Joseph Comas, which was off the roadway with its emergency flashers on. The impact of the crash caused the Comas car to strike a car parked in front of it, owned by Ronald Kelly, who had previously stopped to offer assistance to Comas. Comas' car burst into flames engulfing the Kelly vehicle and defendant's car. Kelly died three days later as a result of burn injuries. Comas and his passengers also suffered burn injuries. Defendant suffered a head and leg injury and cuts on his chin, tongue and forehead. He was transported to the hospital and ultimately submitted to a blood test which indicated that he had .18% alcohol in his blood. A forensic scientist testified that such amount of alcohol would severely impair an individual's judgment, perception of distance, ability to react quickly and to navigate a vehicle properly. It was also indicated that the chemical preservatives in the vacuum-sealed test tube permitted the blood to remain in an unchanged condition without refrigeration. Defendant suffered retrograde amnesia and was unable to relate how the accident occurred. He thought that he might have fallen asleep. Various witnesses at the scene testified that defendant smelled of alcohol, had slurred speech, staggered and was intoxicated. ¶ This evidence was controverted by witnesses for defendant who saw him during the preceding evening and into the early morning hours of September 18, 1982. They testified that defendant had consumed two full glasses of wine and portions of two other glasses, and that he had spent a major part of the time dancing. The doctor who treated defendant immediately after the accident and who took his blood sample opined that defendant was not intoxicated. The attending nurse, on the other hand, said that defendant was intoxicated. A pathologist testifying for defendant indicated that an improper reading of blood alcohol would result if blood were not properly refrigerated because blood can go on producing alcohol over a period of many hours without refrigeration. He testified that defendant's blood metabolized in a normal way and, based on defendant's consumption of less than four glasses of wine during the night, the .18% blood alcohol reading was inaccurate and attributable to contamination of the blood sample. The specialist indicated that defendant's blood should have shown a reading of .02%. ¶ Defendant was found guilty as charged and sentenced to concurrent terms of one year for criminally negligent homicide and six months upon each of two charges of operating a motor vehicle while under the influence of alcohol. ¶ Defendant raises several allegations of error on this appeal. It is contended that the trial court failed to explain relevant principles of civil negligence law pertaining to a motorist who falls asleep. Defendant urges that such a charge was necessary because (1) he testified that he may have fallen asleep at the wheel and (2) there were no skid marks on the road before impact. We find the contention without merit. The trial court adequately stated the material legal principles applicable to the case as required by CPL 300.10 (subd 2). The jury was fully advised that ordinary negligence was insufficient for conviction and instructed on the elements necessary to prove the charge of criminally negligent homicide. The negligence asserted against defendant was his disregard of his intoxicated condition when he entered his vehicle and drove, causing the death of Ronald Kelly. It was indicated to the jury that it was this theory which had to be proven by the People beyond a reasonable doubt to sustain a conviction.

¶ Defendant also alleged that the blood alcohol test was improperly admitted into evidence because the chain of possession of the blood sample was inadequately established and the integrity of the blood sample was not proven. We disagree. The chain of possession provided reasonable assurance of the identity and unchanged condition of the evidence (*People v Julian,* 41 NY2d 340). Expert testimony established that the tube used to hold the blood contained preservatives which prevented contamination and clotting. The blood thus remained unchanged and unaffected by any lack of refrigeration. In view of the fact that there was no evidence presented giving rise to a reasonable belief that the condition of the blood may have changed, the trial court properly allowed its admission into evidence and left to the jury the weight it was to be accorded (*People v Allen,* 57 AD2d 675). ¶ We find no merit to defendant's contention that the charge on intoxication was contrary to the definition approved by the Court of Appeals in *People v Cruz* (48 NY2d 419). To the contrary, the import of the charge was in conformity with *People v Cruz* (*supra*). ¶ Finally, defendant contends that it was error to submit the lesser included offense of driving a vehicle while impaired (Vehicle and Traffic Law, § 1192, subd 1) without informing defendant of the court's intention to do so prior to submission to the jury. It is also urged that it was error to substitute impairment for intoxication as an element of criminally negligent homicide because it altered the theory of the prosecution's case. We note that CPL 300.10 (subd 4) requires that the trial court inform the parties of the charges to be submitted to the jury for consideration prior to the charge. However, where, as here, defendant is convicted on the original offense charged, we find no prejudice in the trial court's error. Regarding defendant's second contention of error, again we find that defendant could not have been prejudiced by the charge since he was convicted of driving while intoxicated rather than driving while ability impaired. The People's bill of particulars stated, *inter alia,* that defendant acted with criminal negligence by operating a motor vehicle while intoxicated and it was on such theory that the jury convicted defendant. ¶ As to the other errors alleged by defendant, we find them to be without merit. ¶ Judgment affirmed. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.