OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*960 We cannot say as a matter of law that defendant should have been permitted to introduce hearsay evidence of certain exculpatory statements he made at the scene of the crime. The trial court refused to receive these statements as “spontaneous” or “excited” utterances, and the Appellate Division agreed with this ruling, noting that the statements had been made approximately five minutes after defendant had been shot by the victim and at a time when defendant had had an adequate opportunity to reflect upon his situation (see People v Edwards, 47 NY2d 493, 496-499; People v Caviness, 38 NY2d 227, 231-232; Richardson, Evidence [10th ed — Prince], § 281). The other grounds now advanced for admissibility, that the statements were admissible as evidence of defendant’s existing state of mind or as a verbal act, not having been raised in the trial court are not preserved for our review. Moreover, there was no error of law in the trial court’s refusal to receive the challenged hearsay testimony in evidence.
We note that upon oral argument defendant abandoned his contention that the trial court’s instructions to the jury had impermissibly shifted the burden of proof on the question of his criminal intent and acknowledged that he failed properly to assert the argument through a timely objection to the instruction. Accordingly, we have no occasion to consider whether the instruction in question was improper under the recent ruling of the Supreme Court in Sandstrom v Montana (442 US 510; see People v Thomas, 50 NY2d 467).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.