■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BRYANT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered September 23, 1982, convicting him of two counts of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and indictment dismissed. The case is remitted to the Supreme Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On the night of March 2, 1981, an undercover police officer and a confidential informant approached defendant in a bar. The informant told defendant that the police officer wanted to purchase some cocaine and heroin and asked if defendant had any. Defendant responded, "yea, but not on me. Go see Michael and tell him I said it's okay to serve you". Defendant gestured toward a man, known as Michael, who was seated in another

area of the bar. The police officer and the informant then approached Michael and told him that defendant "said it was okay to serve [them]". The officer told Michael that she wanted to buy three bags of heroin and three bags of cocaine. Michael handed her three glassine envelopes and three tinfoil packets of white powder, which was later determined to be cocaine and heroin, and the officer paid him $105.

The prosecution's case was premised upon the theory that the controlled substances sold by Michael to the police officer were, in fact, the property of both defendant and Michael and that the two men were partners in this criminal venture. Nonetheless, the record established that, during the transaction in question, defendant never spoke with Michael or signaled him in any fashion. Defendant never stated that he was working with Michael, nor is there any evidence that defendant profited from the sale. The sum and substance of the prosecutor's evidence connecting defendant to this sale was defendant's response to the informant's request, which the police officer herself admitted could be interpreted as defense counsel characterized it, viz., in "street language * * * telling the second person, Michael, that [the officer and the informant] were cool, i.e., that [they] weren't police, that [they] were okay".

Viewing the evidence in a light most favorable to the People, as we must, we find that no rational trier of fact could have found beyond a reasonable doubt that defendant acted in concert with Michael to knowingly and unlawfully sell cocaine and heroin to the undercover police officer (see *Jackson v Virginia,* 443 US 307, 319; *People v Contes,* 60 NY2d 620, 621; *People v Benzinger,* 36 NY2d 29, 32). Defendant's only link to this transaction was his presence in the bar during the sale and his ambivalent response to the informant's query. The purchase was suggested by the buyer and she paid the seller directly. There is not a scintilla of evidence to establish any previous relationship between defendant and Michael nor to show that defendant stood to profit from the sale. Under the circumstances, the judgment must be reversed and the indictment dismissed (cf. *People v Crudup,* 100 AD2d 938; *People v Grier,* 87 AD2d 893; *People v Kidd,* 76 AD2d 665, application for lv to app dsmd 51 NY2d 882).

Were we not reversing the judgment and dismissing the indictment for failure of proof, we would still have had to order a new trial since the trial court failed to charge the jury concerning the agency defense. It is well established that one who participates in a sale of illegal narcotics solely to assist the buyer and has no direct interest in the contraband being sold

cannot be convicted of criminal sale of a controlled substance (see *People v Roche,* 45 NY2d 78, cert den 439 US 958; *People v Bethea,* 73 AD2d 920). While defense counsel neither requested the charge nor objected to the court's failure to do so, this omission deprived defendant of a fair trial (see *People v Oliver,* 99 AD2d 789).

In view of our determination that the judgment must be reversed and the indictment dismissed, we decline to reach defendant's remaining contentions. Gibbons, J. P., O'Connor, Niehoff and Lawrence, JJ., concur.