■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HART, Appellant.—Main, J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered January 21, 1983, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the fifth degree.

As part of a 1982 State Police investigation of drug trafficking in Tioga County, an undercover State Trooper was introduced to defendant by an informant. On two occasions, the undercover officer paid defendant and received from him quantities of a substance that, after laboratory testing, was found to contain the controlled substance methamphetamine. After a jury trial, defendant was convicted of two counts of criminal sale of a controlled substance in the fifth degree.

Defendant first contends that the results of the tests performed on the substance sold by defendant to the undercover officer and the substance itself were improperly admitted into evidence because the chain of custody of the substance was inadequately established and the integrity of the substance was not proven. This argument is unpersuasive. The undercover officer testified that, after both purchases from defendant, she tagged the substance purchased and transported it to the State Police crime laboratory in Port Crane, Broome County. State Police forensic scientist Clifford Brant testified that the substance was then placed in plastic bags that were labeled and sealed. Those bags were opened only by Brant and remained within a locked box at all other times. In view of the fact that there was no evidence presented giving rise to a reasonable belief that the evidence had been tampered with, the chain of custody established by the People provided reasonable assurance of the identity and unchanged condition of the substance, which had been safely under police control at all times. Thus, the trial court properly allowed the admission into evidence of the substance and the results of the tests performed thereon (see, People v Julian, 41 NY2d 340, 343-344; People v Scalzi, 102 AD2d 952, 953; People v Arthur, 99 AD2d 595, 595-596).

Defendant next argues that he established, as a matter of law, that he was acting solely as an agent for the undercover officer, the buyer of the controlled substance, and not as the seller or promoter of the transaction. We disagree. The testimony of the undercover officer and the informant that defendant himself set the selling price of the substance, and at all times acted as owner of the substance and not merely as an agent of the undercover officer, refutes the argument that he established the defense of agency as a matter of law (cf. People v Bryant, 106 AD2d 650, 651). Whether defendant acted as a seller or merely as an agent of the buyer was a factual question for the jury to resolve on the circumstances of this particular case (see, People v Lam Lek Chong, 45 NY2d 64, 74-75, cert denied 439 US 935), and the trial court properly

charged the jury on the defense of agency, which the jury found defendant had failed to establish.

Defendant's final contention that his sentence of 3 to 6 years' imprisonment was unduly harsh and excessive is also without merit. Defendant was sentenced as a predicate felon and received a sentence that was within the statutory limits. Accordingly, there is no evidence that the court abused its discretion in sentencing defendant (see, People v Du Bray, 76 AD2d 976, 977).

Judgment affirmed. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.