■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT AMARANTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered January 6, 1983, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was accused of selling a quantity of cocaine to an undercover officer at a lounge where the defendant was employed as a manager. The alleged sale had been arranged by a confidential informant, but the informant was not present during the transaction, which occurred in a back room at the lounge.

The defendant argues on appeal that production of the confidential informant at trial should have been required. We disagree. The confidential informant was not an eyewitness to the alleged transaction and the defendant raised no defense which would have made the testimony of the informant relevant. In addition, there was no close question as to identity. The undercover officer observed the defendant for two minutes at close range under good lighting conditions during the transaction and for much longer periods in the lounge on two separate occasions. The defendant was also placed at the scene on the evening in question by several members of a police backup team. The defendant himself admitted employment at the lounge and did not deny that he was there on the evening of the sale. Under these circumstances, the defendant has failed to sustain his burden of showing a necessity for production of the confidential informant *(see, People v Goggins,* 34 NY2d 163, *cert denied* 419 US 1012; *People v Gilmore,* 106 AD2d 399).

We have also determined that the trial court did not abuse its discretion in denying the defendant's *Sandoval* motion *(see, People v Duffy,* 36 NY2d 258, *cert denied* 423 US 861; *People v Sandoval,* 34 NY2d 371).

We have reviewed the defendant's remaining contentions and have determined that they are without merit. Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.