■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE DVOROZNAK, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered August 10, 1984, convicting him of burglary in the second degree (two counts), and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court improperly excluded testimony of Detective Barry concerning a statement purportedly made by the defendant some 30 minutes after his arrest to the effect that he had been in a local bar and that he had offered to take the police back to the bar. The trial court properly noted that the "motivating factor of making an exculpatory statement after an arrest" could lead one to believe that the defendant did not "tell the truth" and that the proffered testimony was therefore inadmissible hearsay (see, People v Sostre, 51 NY2d 958; People v Davis, 44 NY2d 269). It is not the intent of the law to permit the defendant to avoid taking the stand and being subject to cross-exmanination by allowing his story to be presented through the hearsay testimony of another witness. Moreover, in light of the over-

whelming proof of the defendant's guilt, any assumed error due to the exclusion of the testimony was harmless *(People v Sease-Bey,* 111 AD2d 195). Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.