■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BUFORD BYRD, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered January 4, 1983, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that he was denied a fair trial as a result of the court's *Sandoval* ruling. The record demonstrates that the trial court engaged in a thorough balancing of the probative value and the prejudicial effect of an inquiry into the defendant's prior convictions *(see, People v Williams,* 56 NY2d 236). Moreover, while the defendant's prior offenses were theft related and were arguably similar to those charged in the present indictment, "questioning concerning other crimes is not automatically precluded simply because the crimes to be inquired about are similar to the crimes charged" *(People v Pavao,* 59 NY2d 282, 292; *People v Cherry,* 106 AD2d 458). Hence, we discern no

abuse of discretion in the court's *Sandoval* ruling *(see, e.g., People v Bennette,* 56 NY2d 142; *People v Scott,* 118 AD2d 881).

Similarly unavailing is the defendant's contention that the issue of a prosecution witness's status as a possible accomplice should have been submitted to the jury. The record is barren of evidence from which the inference of the witness's participation in the crime could reasonably have been drawn *(see, People v Santana,* 82 AD2d 784, *affd* 55 NY2d 673; *People v Byrd,* 106 AD2d 511; *see generally, People v Basch,* 36 NY2d 154). Accordingly, the trial court properly refused to present the issue to the triers of fact. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.