■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD JORDAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered January 24, 1983, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the victim before his death.

Ordered that the judgment is affirmed.

The statements made by the victim prior to his death were properly admitted into evidence at trial as dying declarations,

as the evidence adduced at the hearing established that the victim was in extremis at the time they were made and that the statements were made under and resulted from a present sense of impending death *(see, People v Allen,* 300 NY 222; *People v Liccione,* 63 AD2d 305, *affd* 50 NY2d 850, *rearg denied* 51 NY2d 770).

After reviewing the evidence adduced at trial in the light most favorable to the prosecution, we find that it was legally sufficient to support the conviction as a rational trier of fact could have found that the defendant committed the crime of murder in the second degree beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The trial court did not err in permitting Officers Ubert and Cronin to testify that the defendant responded to the phrase "Hey, Fat Man", since this testimony did not constitute hearsay, and, although it may have implied that the defendant had prior involvements with the law, the testimony was probative on the issue of identity *(see, People v Robinson,* 68 NY2d 541; *People v Beam,* 57 NY2d 241). Furthermore, defense counsel's elicitation on re-cross-examination of the fact that the defendant had been arrested for criminal possession of a controlled substance in the third degree opened the door to permit the prosecutor to elicit on further redirect examination that the controlled substance the defendant was alleged to have possessed was cocaine *(see, People v Melendez,* 55 NY2d 445).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Lawrence, Kunzeman and Harwood, JJ., concur.