(June 30, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILLER D. WOLF, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered January 28, 1983, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

At about 11:30 A.M. on October 12, 1982, Francine Royals, an informant for the Albany Police Department, entered a barber shop in the City of Albany to arrange for the purchase of cocaine from defendant, an employee at the barber shop. Royals was wired with an electronic device to transmit conversations from the barber shop to a police van parked nearby, where any conversation could be heard and recorded by investigating officers concealed therein who had provided her with the transmitter and sufficient cash to make a purchase of the cocaine.

A conversion between defendant and Royals ensued which concerned the acquisition of cocaine for Royals by defendant, who thereafter made several calls to locate a supplier. Defendant was ultimately successful but was required to send a messenger, who returned from the supplier with the drug and gave it to defendant at the barber shop. Royals and defendant entered the bathroom at the barber shop where the actual transfer of the cocaine to Royals and the payment therefor transpired. The conversations between the parties during this period were recorded and heard by a jury at defendant's trial.

On this appeal from his conviction, defendant contends that the indictment against him should have been dismissed in the interest of justice (CPL 210.40 [3]) because of egregious police conduct in manufacturing the crime committed by defendant. Arguing that he merely assisted a friend out of sympathy for her and without any profit to himself, defendant relies upon *People v Isaascon* (44 NY2d 511) as authority for his entitlement to a dismissal. This contention must be rejected. The circumstances of this case are far removed from those found in *Isaacson.* Here, defendant demonstrated a complete willingness to arrange for and consummate the sale of the cocaine to Royals, as indicated by his own testimony. We find nothing illegal or improper in the conduct of the police in the course of their investigation. Accordingly, we find no abuse of discretion by County Court in its denial of defendant's application to dismiss the indictment, for which a hearing was not required *(see, People v Macy,* 100 AD2d 557).

We also reject defendant's contention that he merely acted as an agent for Royals in purchasing the cocaine. The recorded conversation between the parties clearly demonstrates the invalidity of that argument and supports the conclusion that, as a seller, defendant set the price, touted the cocaine's quality and at all times acted as an owner of the substance, not merely as an agent *(see, People v Roche,* 45 NY2d 78, 85, *cert denied* 439 US 958; *People v Hart,* 113 AD2d 966).

Finally, we have examined the presentence report and the past record of defendant and conclude that, under the circumstances, the 8⅓-to-25-year prison sentence imposed was neither harsh nor excessive.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Harvey and Mercure, JJ., concur.