■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN THOMAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered June 8, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with having murdered Robert Peters on November 21, 1985. The prosecution's chief witness, Stanley Blackwell, a coparticipant in the crime, testified that he accompanied the defendant who went to the victim to "borrow" $20. When the victim stated that he did not have the money, the witness and defendant beat him with cast-iron pots. As the victim lay dying in a pool of blood, the defendant and Blackwell removed money from his pockets.

We find that the People did not violate the Rosario rule in failing to provide the defendant with the plea and sentence minutes of the coparticipant who had pleaded guilty to manslaughter in the first degree. In response to defendant's request therefor, the prosecutor stated to the court that the People did not have a copy of such minutes and the court advised the defense to order copies from the court stenographer if he needed them. As the requested documents were not in the People's control and possession, they did not constitute Rosario material nor were the People obligated to order them for the defendant (see, People v Fishman, 72 NY2d 884).

The prosecutor's comments on the defendant's exercise of his constitutional right to remain silent and to counsel had the potential for prejudice (see, People v Kent, 125 AD2d 590, 591; People v Von Werne, 41 NY2d 584). However, the risk of any such prejudice was dissipated by the court's charge that the jury was not to draw any unfavorable inference from the fact that the defendant exercised such rights. Moreover, since the defendant did not request a further charge or move for mistrial based on that ground, the court must be deemed to have cured the error to his satisfaction (see, People v Jalah, 107 AD2d 762).

Certain of the prosecutor's comments improperly shifted the burden of proof to the defendant and speculated on matters

which were not in evidence. While we condemn such misconduct and categorically state that it must not be repeated, we find that, given the overwhelming proof of defendant's guilt, such errors are insufficient to warrant reversal. The coparticipant Blackwell had testified that the defendant struck the deceased several times with the cast-iron pot. Two other prosecution witnesses testified to having seen blood on the defendant's shirt and sneakers and bloody sneakerprints were observed at the crime scene. It is our view, therefore, that the prosecutor's misconduct did not deny the defendant a fair trial (*see, People v Roopchand,* 107 AD2d 35, 36, *affd* 65 NY2d 837; *People v Galloway,* 54 NY2d 396, 401).

We also find that the court's charge with respect to felony murder was proper. The jury was instructed that it could only convict the defendant of felony murder if it found "that the defendant, acting in concert with another person, caused the death of Robert William Peters while in the course of and in furtherance of the commission of the attempted robbery or in the immediate flight therefrom." The court was not required to charge the specific language requested by the defendant (*see, People v Joyner,* 26 NY2d 106; *People v Dering,* 140 AD2d 538, 539).

Additionally, we find that the sentence imposed was appropriate under the circumstances (*see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.