OPINION OF THE COURT
Donald J. Mark, J.
The defendant was charged with committing the crimes of grand larceny in the fourth degree and prostitution as the result of an incident in which he agreed to engage in sex with an undercover police officer for a fee and then stole United States currency from that officer. During the trial of this action the novel evidentiary issue arose as to whether the defendant’s confession, which was mostly inculpatory, but *591 exculpatory in part, was admissible only at the option of the People.[1]
At the time of his arrest the defendant gave the police a written statement, which was found to be valid after a pretrial hearing. Fortuitously for the defendant, the confession admitted all the elements of the crime of prostitution, a class B misdemeanor, but disclaimed any involvement in the crime of grand larceny in the fourth degree, a class E felony. In fact, the two-page statement virtually paralleled the People’s proof at trial, except that it contained the assertion "I asked him for a couple of dollars. He handed me some dollar bills”. There was no claim by the prosecutor that the defendant was so legally sophisticated that this phraseology was a deliberate attempt to avoid incrimination on the felony.
Apparently because the statement of the defendant only admitted the lesser crime, the prosecutor decided not to offer the writing into evidence. Upon the cross-examination of the police sergeant who interrogated the defendant, the defense counsel sought to elicit the defendant’s conversation with the officer. The defense strategy was obviously to present the denial of the more serious crime without the defendant testifying to the same. This evoked an objection from the prosecutor to the effect that the defendant’s confession, if introduced by him, would constitute inadmissible hearsay. After some deliberation the court ruled against the People.
Because of the novelty of this question, the reasons for such ruling are expressed herein.
Generally, all relevant evidence is admissible, unless to admit the evidence would violate some exclusionary rule (Richardson, Evidence §§ 5, 146 [Prince 10th ed]; People v Emick, 103 AD2d 643). The prohibition against hearsay is an exclusionary rule (Richardson, op. cit., §§200, 201; People v Settles, 46 NY2d 154). A confession is a direct acknowledgment of guilt made by a defendant in a criminal prosecution (Richardson, op. cit., § 540; People v Kingston, 8 NY2d 384), and it constitutes an exception to the hearsay rule (Richardson, op. cit., § 540; People v Caraballo, 135 Misc 2d 536).
However, a totally exculpatory statement denying guilt cannot be a confession (People v Kingston, supra), and is, instead, inadmissible hearsay (People v Cuevas, 138 AD2d 620; *592 People v Davis, 128 AD2d 800).[2] It is not the intent of the law to permit a defendant to avoid cross-examination by presenting such hearsay testimony (People v Dvoroznak, 127 AD2d 785). As has been indicated, the defendant’s statement was not totally exculpatory, and, in fact, only a small portion thereof was of such character. Had the prosecutor elected to offer the confession, the exculpatory part of the statement would necessarily have been included (People v Dlugash, 41 NY2d 725; People v La Belle, 18 NY2d 405; People v Davis, 103 AD2d 1012).[3] This rule should not change merely because the party introducing this hybrid type of confession is the defendant.
Support for this pronouncement may be found by comparing a confession as an exception to the hearsay rule to a declaration against penal interest which is also an exception to the hearsay rule.
A declaration against penal interest is in the nature of a confession (see, People v Brensic, 70 NY2d 9 [a custodial confession of a nontestifying accomplice may be admitted as a declaration against penal interest against a defendant]), and in this analogous situation either side is allowed to proffer such evidence.[4] Thus, a declaration against the penal interest which tends to exculpate the defendant is admissible on the part of the defendant (People v Brown, 26 NY2d 88). Conversely, a declaration against the penal interest may be offered by the People to incriminate a defendant (People v Maerling, 46 NY2d 289).
In People v Maerling (supra) witnesses were prepared to testify that an unavailable witness had stated to them that the defendant had admitted to her that he had shot the victim.[5] In People v Brown (supra) witnesses were prepared to testify that an unavailable witness had stated to them that he had retrieved a gun from the victim, which admission would *593 support the justification defense presented by the defendant.[6] Assuming that the same unavailable witness had told the same witnesses that the defendant had made both statements, it could not logically be argued that the prosecution could present only the inculpatory statement and the defense could present only the exculpatory statement.
This example should demonstrate that neither side has a monoply on admissible evidence.
Any doubt as to the soundness of this theory is dispelled by People v Sostre (70 AD2d 40, affd 51 NY2d 958). There, the defendant’s attempt to rob the complainant was aborted when the complainant shot the defendant. Approximately five minutes later when a police officer arrived the defendant hollered that the complainant had “shot him for nothing”. Following a pretrial hearing the court ruled that the statement was voluntary and could be introduced into evidence by the prosecutor. However, the prosecution chose not to use the statement and moved successfully before the trial began to preclude it as hearsay.[7] The majority opinion agreed with the trial court’s ruling but commented: “I do not attach any significance to the fact that at the instance of the prosecution, the trial court prohibited defendant from using the statement in his defense, although earlier, it had denied his motion to suppress it after the Huntley hearing. In my opinion, that each party switched its position as to the admission of the self-serving statement has no bearing on whether it should have been placed before the jury * * * as an exception to the hearsay rule” (supra, 70 AD2d, at 43).
Accordingly, the fact that the defense, rather than the prosecution, introduced the inculpatory/exculpatory statement of the defendant into evidence during the trial is without significance, since it was otherwise admissible.

. This issue is probably novel because in most instances the prosecutor would have introduced such a confession into evidence.

. This statement of the unavailable witness was admitted as a declaration against penal interest because he had admitted that he had used the gun to perpetrate a robbery.

. See also People v Reynoso (73 NY2d 816) and People v Sostre (51 NY2d 958) which cases held that exculpatory statements under the circumstances were not admissible as "state of mind” or "excited utterance” exceptions to the hearsay rule, respectively.

. There is a suggestion in two early cases that the exculpatory part of the statement may be excluded if incredible (People ex rel. Perkins v Moss, 187 NY 410; People v Miller, 247 App Div 489).

. This assumes that the criteria enunciated in People v Thomas (68 NY2d 194) and cases cited therein, have been satisfied.

. This statement of the unavailable witness was ruled not to be a declaration against her penal interest because there was no admission that she was involved in the crime for which the defendant was charged.

. This is exactly the situation in this case except that the ruling as to admissibility was adverse to the People.