■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME HOWTON, Appellant.—Judgment unanimously affirmed. Memorandum: None of defendant's claims on appeal from convictions of third degree possession and sale of a controlled substance requires reversal. The trial court properly allowed the undercover police officer who purchased cocaine from defendant to testify that defendant told him that he could return to buy more because the evidence was part of the criminal res gestae and was probative of defendant's motive and intent *(see, People v Molineux,* 168 NY 264; *People v Polk,* 84 AD2d 943, 945). At trial the People established a proper chain of custody *(see, People v Julian,* 41 NY2d 340; *People v. Wilson,* 150 AD2d 628; *People v Hart,* 113 AD2d 966) and provided reasonable assurance of the identity and unchanged condition of the narcotics *(see, People v McGee,* 49 NY2d 48, 60). The trial court did not abuse its discretion in refusing to disclose the identity and background of the infor-

mant because defendant did not establish the need for such information *(see, People v Pena,* 37 NY2d 642, 649; *People v Amarante,* 120 AD2d 538). Defendant's claims of prosecutorial misconduct in voir dire and summation lack merit. (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—criminal sale of controlled substance, third degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.