■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BEARTHEA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered February 9, 1988, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's Sandoval ruling which denied his motion to preclude the prosecutor from cross-examining him, in the event he testified, as to his convictions and the underlying facts with respect to four of his eight prior involvements with law enforcement officials, was not an improvident exercise of its discretion (see, People v Branch, 155 AD2d 475; People v Murray, 144 AD2d 498; People v Ortiz, 143 AD2d 107).

We find similarly unpersuasive the defendant's contention that he was effectively foreclosed from testifying based upon the Supreme Court's Sandoval ruling. The record reveals that the Supreme Court made its determination after hearing argument presented by both sides as to the factors to be considered (see, People v Williams, 56 NY2d 236; People v Byrd, 128 AD2d 796; People v Wendel, 123 AD2d 410), and there was no improvident exercise of discretion here (see, People v Bennette, 56 NY2d 142, 147).

Finally, the Supreme Court properly precluded the introduction of the defendant's exculpatory statement as part of the defense case. The statement was made approximately two hours after the defendant's arrest, "at a time when defendant had had an adequate opportunity to reflect upon his situation"

*(People v Sostre,* 51 NY2d 958, 960), and constituted impermissible hearsay evidence *(see, People v Booker,* 158 AD2d 700, 701; *People v Dvoroznak,* 127 AD2d 785). Bracken, J. P., Brown, O'Brien and Ritter, JJ., concur.