■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MIGUEL DeLaROSA and JOSE ROSARIO, Respondents.—Order of the Supreme Court, New York County (Rose L. Rubin, J.), rendered June 1, 1989, which granted the motion of the defendant Jose Rosario to dismiss the indictment on the grounds that the People failed to answer ready for trial within six months from the commencement of the action (CPL art 30), unanimously reversed, on the law and the facts, the plea of guilty reinstated and the matter remanded for sentence.

The appeal of the People from the same order insofar as it applies to the dismissal of the indictment against Miguel DeLaRosa is held in abeyance. The motion by the said defendant's trial counsel that an attorney be assigned to represent said defendant (whose whereabouts are unknown to trial counsel) on appeal is granted.

In its decision the motion court determined that 527 days had elapsed between the filing of a felony complaint on November 18, 1987 and April 28, 1989 when defendants filed a supplemental affidavit in support of their motion to dismiss pursuant to CPL 30.30. The court further found that 321 of these days should not be charged to the People while 206 days should be charged to the People.

We find that the court erred in attributing two periods of 28 days and 42 days to the People, thus reducing the 206 days to 136 days, well below the six month period required by CPL 30.30.

Specifically, the People contend that the following periods should have been excluded from the court's calculations of what periods are chargeable to the People. The defendant Rosario is opposed to the exclusion of all of these periods.

January 9 to February 2, 1988—14 days

A third defendant Amalia Chiong pleaded guilty. While the People contend that the attorneys for the other defendants were absent, no minutes were produced to show what happened to the other defendants.

The People's contention is rejected since the burden of proving a period should be excluded is on them.

This period was properly charged to the People.

April 5 to May 3, 1988—28 days

While the People contend that the period of April 5 to May 3, 1988 should be excluded because the court was on vacation, nothing in the record of February 2, March 1, March 22 or May 2 supports this contention.

The period was properly charged to the People.

### May 9 to June 6, 1988—28 days

The People contend that this period of delay was consented to. The record indicates that the court adjourned the matter "on consent." Defendant Rosario argues that he could not consent because he did not have an attorney at that time and the court appointed an attorney for him only on June 6, 1988 (see, CPL 30.30 [4] [b]). It appears that prior to June 6, 1988, the court was proceeding on the assumption that the defendant did have an attorney. The fact that defendant Rosario did not have an attorney should not result in a delay chargeable to the People (CPL 30.30 [4] [f] ["the period during which the defendant is without counsel through no fault of the court" must be excluded from time attributable to the People]).

The period was improperly charged to the People.

### February 6 to 28, 1989—22 days

The People contend that the period was sought by the defendant in order to pursue favorable plea negotiations. The record indicates, however, that on February 6, 1989 the People stated that they were not ready for trial and asked for a three week adjournment.

This period was properly chargeable to the People.

### March 17 to April 28, 1989—42 days

The People contend that this period after the pleas of guilty and after the defendants had moved to dismiss the indictment because of failure to grant them a speedy trial should not be charged to them. The defendants agree.

This period was improperly charged to the People.

We reject the People's contention that they answered ready for trial on February 2, 1988. The answer of "ready" seemed to refer to the proceedings at hand and was not the unequivocal assertion required of the People's readiness to proceed to trial.

We also reject the defendant Rosario's contention that the following periods should be attributable to the People because he was without counsel and could not consent to an adjournment:

December 15, 1987 to January 19, 1988—35 days; February 2, 1988 to March 1, 1988—28 days; March 1, 1988 to March 22, 1988—21 days; May 3, 1988 to May 9, 1988—6 days.

While it is true that a defendant without counsel cannot consent to an adjournment without being informed of his

rights under CPL article 30 (CPL 30.30 [4] [b]), the People cannot be charged with delay that results from a defendant being without counsel through no fault of the court (CPL 30.30 [4] [f]). Here, the assumption of the court, until June 6, 1988, when defendant spoke out, was that the defendant Rosario had counsel. That assumption was supported by the record of December 10, 1987, when a statement was made on the record that the defendant Rosario had retained counsel. Concur—Sullivan, J. P., Milonas, Kupferman, Ross and Smith, JJ.