■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NANCY THOMPSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered March 5, 1991, convicting her of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the testimony of an undercover police officer concerning the actions and statements of the codefendant was inadmissible as hearsay. The challenged testimony established that as the officer approached an abandoned building utilized as a "peephole location" from which drug transactions were effected, he observed the codefendant motioning with his hands and directing prospective purchasers to the peephole by stating "the hole is working". We find that the codefendant's statements accompanied equivocal conduct which could be interpreted by reference to the content of the statements (see, People v Sostre, 70 AD2d 40, 45, affd 51 NY2d 958; cf., People v Clark, 128 AD2d 270, 272). Therefore, the statements constituted a verbal act and part of the criminal res gestae establishing the theory of "acting in concert" as charged in the indictment (see, People v Ayala, 142 AD2d 147, 165-166, affd 75 NY2d 422; People v Howton, 162 AD2d 964; cf., People v Crea, 126 AD2d 556, 558). Accordingly, the challenged testimony does not constitute hearsay but, rather, describes utterances of the codefendant which form part of the transaction which it interprets (see, People v Sostre, supra). In any event, the challenged testimony provided necessary background information which enhanced

the jury's understanding of how the peephole operation was conducted (see, People v Montanez, 41 NY2d 53). As such, the trial court did not improvidently exercise its discretion in admitting this evidence.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We find the defendant's remaining contentions to be unpreserved for appellate review (see, People v Thomas, 50 NY2d 467, 471; People v Udzinski, 146 AD2d 245, 248). Bracken, J. P., Harwood, Miller and Copertino, JJ., concur.