■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL PADILLA, Appellant. [627 NYS2d 914] —Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered April 2, 1992, convicting defendant, after a jury trial, of two counts of attempted assault in the first degree and one count each of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree

and reckless endangerment in the first degree, and sentencing him to consecutive terms of 2 to 6 years on the attempted assault counts, to run concurrently with concurrent terms of 4 to 12 years on the second degree weapons possession count and to $2^{1}/_{3}$ to 7 years on the remaining counts, unanimously affirmed.

The Supreme Court properly denied defendant's motion to dismiss the indictment on speedy trial grounds since the People were ready for trial within 6 months of the time he was arraigned on the felony complaint (CPL 30.30 [1] [a]; [3] [b]; [4]).

With respect to the first contested time period, defendant concedes that the Supreme Court erroneously charged the 16 day period from July 24, 1990 to August 9, 1990 to the People since he consented to the adjournment (CPL 30.30 [4] [b]). With respect to the disputed period between September 6, 1990 and September 27, 1990, while defendant correctly contends that he may not be found to have consented to an adjournment merely because his attorney was absent (*People v Liotta*, 79 NY2d 841), he has failed to preserve this contention for appellate review (*see, People v Luperon*, 85 NY2d 71, 77-78). Where, as here, defendant fails to raise the issue in his moving papers and further fails to challenge the Supreme Court's ruling finding such time period excludable, the issue has not been preserved (*see, People v Pagano*, 207 AD2d 685; *People v Robinson*, 171 AD2d 475, 478, *lv denied* 78 NY2d 973), and we decline to review in the interest of justice. Similarly, the 18 day period from November 8, 1990 to November 26, 1990 was excludable since defendant failed to challenge this period of delay in his motion papers and further failed to object to the court's ruling, after the speedy trial hearing, that such time period was not chargeable to the People because defendant had consented to the adjournment.

Contrary to defendant's contention, the court properly excluded the 18 day period after the People announced their readiness for trial, during which the prosecution was permitted to investigate defendant's newly interposed alibi defense since defense counsel participated in the setting of the adjourned date (*see, People v Smith*, 82 NY2d 676, 678), and since the delay was occasioned by motion practice. The 7 day period of post-readiness delay caused by court backlog was also properly excluded (*see, People v Brothers*, 50 NY2d 413, 417).

The People concede that the Supreme Court erred in failing to charge them with the 13 day period from June 20, 1991 to July 3, 1991 and the defendant concedes that the court erred in charging the People with 5 days following the filing of defendant's speedy trial motion (CPL 30.30 [4] [a]).

Since the record amply supports the conclusion that the People were ready for trial well within the 6 month deadline, the Supreme Court properly denied defendant's motion to dismiss the indictment. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Mazzarelli, JJ.