■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MIGUEL DeLaRosa, Respondent. [654 NYS2d 349] —Order, Supreme Court, New York County (Rose Rubin, J.), entered June 5, 1989, granting the motion by defendant pursuant to CPL 30.30 to dismiss the indictment charging him with criminal sale and criminal possession of a controlled substance in the first degree and lesser counts, is unanimously reversed, on the law and the facts, the indictment and defendant's plea of guilty reinstated and the matter remanded for sentence.

Defendant and Jose Rosario were charged in an indictment, *inter alia*, with criminal sale and criminal possession of a controlled substance in the first degree. Criminal Term, in the order appealed from herein, dismissed the indictment on the ground that defendant and Rosario had been denied their right to a speedy trial pursuant to CPL 30.30. In *People v DeLaRosa* and *People v Rosario* (184 AD2d 302, *lv denied* 80 NY2d 933), this Court reversed and reinstated the indictment and plea of guilty as to codefendant Rosario, finding that although the People were chargeable with a number of days of delay, the total was "well below the six month period required by CPL

30.30" (*supra,* at 302). Defendant makes virtually the same arguments that Rosario did and, consequently, the same result should ensue.

The IAS Court found that 206 days were chargeable to the People. The defendant asserts that the 28 day period from May 9 to June 6, 1988 should be includable against the People. However, as in *People v Rosario (supra,* at 303), defendant herein was " 'without counsel through no fault of the court' ". While codefendant Rosario *had* no counsel, and defendant herein had counsel who was not present, CPL 30.30 (4) (f) excludes any period "during which the defendant is *without* counsel through no fault of the court" (emphasis added). The use of this term mandates application of the exclusion not only where the defendant does not "have" counsel, but in the broader context of whenever defendant is "without" counsel. There is no question that this 28 day delay was caused predominately by defense counsel's absence; thus, the delay cannot be charged against the People (*People v Brown*, 195 AD2d 310, 311, *lv denied* 82 NY2d 891). *People v Liotta* (79 NY2d 841) is not to the contrary since that case dealt with a period of pre-readiness delay while the period herein is *after* the People declared readiness for trial.

Further, the period from April 5 to May 3, 1988 is properly excludable because the court was on vacation during this period. Although the *Rosario* panel concluded that nothing in the record supported this conclusion (*supra,* at 302), the People are permitted to prove the reason for an adjournment by other means. On March 22, 1988, with both defense counsel present, the People requested two weeks to prepare for trial. The matter was put over for an *additional* four weeks to May 3rd to accommodate the court's vacation schedule. In response to the defendant's speedy trial motion of March 28, 1989, the People asserted, in a sworn affirmation, that they were not responsible for the additional four week period because it was due to the court's vacation. The defendant did *not* contest that sworn allegation. Nor did the trial court explicitly reject the People's uncontroverted assertions. Accordingly, the prosecutor's uncontested and undisputed sworn representation was entitled to credence.

In any event, the defendant did not preserve for consideration upon the appeal this period of time and other claims totalling 64 days, which the Supreme Court included against the People.

The Court of Appeals has clarified preservation of a defendant's claims on a CPL 30.30 motion, by noting: "A defendant seeking a speedy trial dismissal pursuant to CPL 30.30 meets

his or her initial burden on the motion simply 'by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period' (*People v Luperon*, 85 NY2d 71, 77-78). However, once the People identify the statutory 'exclusions on which they intend to rely,' the defendant preserves challenges to the People's reliance on those exclusions for appellate review by 'identify[ing] any legal or factual impediments to the use of th[o]se exclusions' (*id.*)." (*People v Goode*, 87 NY2d 1045, 1047.)

In this case, the defendant merely alleged in summary terms that the People had never answered ready for trial and that more than six months of non-excludable time had elapsed. The People, in opposition, set out the periods of delay and the arguments for their exclusion. The defendants' responses (both defendant herein and Rosario) never identified any factual or legal impediments to the exclusions alleged by the People on the grounds of "consent" and those granted in the absence of defense counsel. Accordingly, those claims have not been preserved for appellate review (*People v Luperon*, 85 NY2d 71, 78, *supra* ["In the CPL 30.30 context, the People must ordinarily identify the exclusions on which they intend to rely, and the defense must identify any legal or factual impediments to the use of these exclusions"]; *People v Batts*, 227 AD2d 224, *lv denied* 88 NY2d 964; *People v Padilla*, 216 AD2d 19, *lv denied* 86 NY2d 845). Thus, the adjournments from April 5, 1988 to May 3, 1988 (28 days), May 9, 1988 to June 6, 1988 (28 days), January 30, 1989 to February 6, 1989 (7 days), and February 27, 1989 to February 28, 1989 (1 day), a total of 64 days, are all excludable, bringing the number of includable days well below the applicable six-month period. Concur—Milonas, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.