■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CHAVYS, Appellant. [695 NYS2d 438] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). The conviction stems from defendant's sale of cocaine to an undercover police officer on May 2, 1995 in the City of Auburn. Defendant testified at trial that he was acting as agent of the buyer.

During voir dire a prospective juror stated that she knew defendant's name because her husband, a Sheriff's Department correction officer, had been assaulted by defendant. County Court promptly excused that prospective juror. Following an in-chambers conference with the attorneys, however, the court denied defendant's request to dismiss the jury panel. The court then instructed the remaining prospective jurors to disregard the statement and not to draw any unfavorable inference toward defendant. The court also inquired whether anyone would be influenced by what the prospective juror had stated and whether she had any discussion with any other prospective jurors prior to being excused. Such inquiry and instructions were sufficient to cure any potential prejudice and to ensure defendant's right to a fair trial (*see, People v Sher*, 24 NY2d 454, 457, *mot to amend remittitur granted* 24 NY2d 1031, *rearg*

*dismissed* 25 NY2d 682, *cert denied* 396 US 837; *People v Winslow,* 51 AD2d 824, 825).

The court properly permitted the undercover police officer who purchased cocaine from defendant to testify that defendant first sold cocaine to one of the confidential informants who was with the officer because that evidence was part of the res gestae and was probative of defendant's intent (*see, People v Molineux,* 168 NY 264, 293-294; *People v Howton,* 162 AD2d 964, *lv denied* 76 NY2d 858). The officer's viewing of defendant's photograph a short time after the drug transaction constituted a confirmatory identification (*see, People v Wharton,* 74 NY2d 921; *People v Johnson,* 213 AD2d 1067, *lv denied* 85 NY2d 939). Thus, defendant was not entitled to a *Wade* hearing.

Defendant contends that the court's erroneous charge of criminal possession of a controlled substance in the third degree for both counts of the indictment, combined with a similar error on the verdict sheet, denied him a fair trial. Defendant failed to preserve that contention for our review (*see,* CPL 470.05 [2]; *People v Ahalt,* 170 AD2d 982, *lv denied* 78 NY2d 953). In any event, the court immediately corrected the error when it was brought to its attention, and thus any error in the charge and verdict sheet is harmless (*see, People v Brown,* 247 AD2d 926, *lv denied* 91 NY2d 1005). (Appeal from Judgment of Cayuga County Court, Corning, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Callahan, JJ.