■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN DEJESUS, Appellant. [708 NYS2d 64] —Judgment, Supreme Court, New York County (Laura Drager, J., at speedy trial motion and suppression hearing; Micki Scherer, J., at jury trial and sentence), rendered September 10, 1996, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of from 6 to 12 years imprisonment, unanimously affirmed.

Defendant has failed to preserve his present claim that the trial court erred in not charging the People with the eight day adjournment from August 16 to August 24, 1995, since he never contested the adequacy of the People's version of what transpired on August 16 (*see*, *People v Padilla*, 216 AD2d 19, *lv denied* 86 NY2d 845). Were we to review such claim in the interest of justice, it would be rejected since, in the absence of a transcript of the proceedings, the People's unrefuted factual allegations in opposition to defendant's speedy trial motion provide a sufficient record to support the People's assertion that the adjournment was at the request of the defense (*see*, *People v Chambers*, 226 AD2d 284, 285, *lv denied* 88 NY2d 981).

Defendant next contends that he was denied his right to confrontation when the trial court, over defense objection, permitted the undercover detective to testify that, after defendant's co-defendant Felix Rivera determined how many glassines the detective wanted, he told him to "wait on the corner while he went to get it." Contrary to defendant's claim that such statement was clearly admitted under the co-conspirator exception to the hearsay rule, inasmuch as the court refused to instruct the jury not to consider the statement

for its truth, the utterance was not offered for its truth. Rather, as the court clearly stated, Rivera's statement was a simple instruction given to the detective and was a necessary part of the detective's narrative to explain why he remained where he was while Rivera crossed the street to defendant. Thus, this remark was "a verbal act and part of the criminal res gestae establishing the theory of 'acting in concert'" and did not constitute inadmissible hearsay (*People v Thompson*, 186 AD2d 768, *lv denied* 81 NY2d 848, citing *People v Sostre*, 70 AD2d 40, 45, *affd* 51 NY2d 958).

Pursuant to our prior order (263 AD2d 400), we held this appeal in abeyance and, upon the People's concession that the relevant minutes had been lost, remanded the matter for reconstruction of the *Sandoval* hearing and for a hearing as to whether defendant was present at certain sidebar conferences held during jury voir dire. Upon remand, and prior to the hearing, Justice Scherer, who presided at defendant's trial on a superseding indictment, discovered that the *Sandoval* minutes had not been lost, but that Justice Drager, who presided at defendant's trial on the original indictment which was discontinued due to the hospitalization of the undercover detective on the first day of trial, had already conducted a *Sandoval* hearing ten months earlier, the minutes of which had not been transcribed. Justice Scherer then had those minutes transcribed. As reflected in the minutes of the reconstruction hearing, those *Sandoval* minutes, together with Justice Scherer's own recollection, which was based upon her trial notes and her practice at the time and confirmed by the prosecutor's recollection and contemporaneous notes, make it evident that Justice Scherer adopted Justice Drager's prior *Sandoval* ruling. Thus, as the parties now concede, her conclusion that the *Sandoval* issues were no longer in dispute at the time of trial was correct.

As to defendant's present claim regarding our refusal to direct a remand for a *Hinton* reconstruction hearing, defendant never moved to reargue that issue, which was considered and disposed of in our earlier order, and, to the extent that defendant seeks to reargue that issue, it is not properly before us (*see, People v Alvarado*, 269 AD2d 104, 104-105) and, in any event, is without merit.

Finally, as to defendant's *Antommarchi* claim, we noted in our prior decision that, because certain crucial voir dire minutes were missing, the clerk's notation alone, which indicated a waiver by the defendant, was insufficient to determine whether there had been an effective waiver. Upon

remand, Justice Scherer conducted an *Antommarchi* reconstruction hearing where, although no formal testimony was taken, she heard extensively from all the original participants and from defendant's present appellate counsel. Justice Scherer also located her trial notes and they expressly indicated that defendant had waived his *Antommarchi* right to be present at the sidebars in question. Consequently, based upon the notation on the clerk's file, the court's own recollection, her trial notes and her recitation of her regular practice at the time of trial, none of which was contradicted by the participants present at the hearing, the totality of the record clearly establishes that defendant knowingly waived his right to be present at sidebar conferences during voir dire.

We have considered defendant's claim that his sentence is excessive and find it to be without merit. Concur—Mazzarelli, J. P., Wallach, Rubin, Andrias and Saxe, JJ.