■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO AYALA, Appellant. [709 NYS2d 528] —Judgment, Supreme Court, Bronx County (Daniel FitzGerald, J.), rendered May 5, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The existing record establishes that defendant received meaningful representation although trial counsel did not object to purported hearsay and other crimes evidence. As trial counsel undoubtedly recognized, testimony elicited from the undercover detective regarding statements made by defendant's companions during the transaction was not hearsay because each of the statements "constituted a verbal act and part of the criminal res gestae establishing the theory of 'acting in concert' as charged in the indictment" (*People v Thompson*, 186 AD2d 768, *lv denied* 81 NY2d 848; *see also, People v DeJesus*, 272 AD2d 61; *People v Jordan*, 135 AD2d 652, *lv denied* 71 NY2d 898). Moreover, these statements were not intended to convey information, but constituted directions given by one participant in the crime to another, from which an inference of accessorial conduct could be drawn. In addition, such testimony, as well as evidence of an uncharged sale between one of defendant's accomplices and an identified buyer shortly before the transaction in question, was admissible as background information, to complete the narrative and to explain the detectives' actions (*see, People v Wilson*, 247 AD2d 267, *lv denied* 91 NY2d 946). Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Lerner and Friedman, JJ.