■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORPHEUS HEWITT, Appellant. [737 NYS2d 548] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered September 21, 2000, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the arresting officer lacked probable cause to arrest him. Contrary to the defendant's contention, the arresting officer had probable cause to arrest him pursuant to the "fellow officer rule" (People v Maldonado, 86 NY2d 631, 635; see, People v Bigelow, 66 NY2d 417, 423; People v McRay, 51 NY2d 594, 602). Therefore, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

The Supreme Court properly permitted the People to introduce evidence of statements made by the defendant's accomplice (see, People v Crimmins, 36 NY2d 230; People v Marks,

6 NY2d 67, *cert denied* 362 US 912; *People v Thompson,* 186 AD2d 768; *People v Sostre,* 70 AD2d 40, *affd* 51 NY2d 958; *see also, People v Ayala,* 273 AD2d 40; *People v DeJesus,* 272 AD2d 61).

The sentence imposed was not excessive (*see, People v Felix,* 58 NY2d 156; *People v Suitte,* 90 AD2d 80). Feuerstein, J.P., Krausman, Friedmann and Schmidt, JJ., concur.