■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN NUNEZ, Respondent. [851 NYS2d 128]—

Order, Supreme Court, Bronx County (William I. Mogulescu, J.), entered on or about April 13, 2007, which granted defendant's CPL 30.30 motion to dismiss the indictment, unanimously affirmed.

The People concede that the motion court properly included 123 days, and only challenge the inclusion of three periods of delay. Exclusion of any of these three periods would require denial of the motion.

The People dispute 15 of the 25 days included in connection

with the adjournment from April 7 to May 16, 2006. On April 7 the People initially requested an adjournment to April 17, but then indicated that their readiness on that date would depend on whether the assigned prosecutor would be trying another case, and suggested that they might need an adjournment to May 2. The motion court properly included the time between April 17 and May 2, because the People's request for the April 17 date was rendered equivocal by their suggestion of the May 2 date (see People v Collins, 82 NY2d 177, 181-182 [1993]).

The People also dispute 36 of the 42 days included in connection with the June 13 to July 25, 2006 adjournment, arguing that since they only requested an adjournment to June 19, only that period should be included. However, the record supports the motion court's finding that the request for a June 19 date was merely an illusory expectation of future readiness (see People v Kendzia, 64 NY2d 331, 337-338 [1985]; see also People v England, 84 NY2d 1, 4 [1994]). In response to the People's request for a June 19 date, the calendar court (which ultimately became the motion court) indicated its skepticism, noting the People's four prior requests for an adjournment. It directed the People to file a certificate of readiness and advised that the time would be includable until they did so. However, no certificate was filed until August 16. Under the circumstances, it was appropriate for the court to insist on a certificate, which would have been a conclusive means of stopping the speedy trial clock (see People v Stirrup, 91 NY2d 434, 440 [1998]).

Lastly, the People dispute the 22 days included in connection with the delay between July 25 and the filing of the certificate of readiness. On July 25, when the People stated they were still not ready and asked for three weeks, the Legal Aid Society attorney assigned to defendant's case was absent but a different Legal Aid attorney appeared on defendant's behalf. The absence of the assigned attorney did not contribute to the delay, which was clearly the product of the People's unreadiness. Therefore, defendant was not "without counsel" within the meaning of CPL 30.30 (4) (f) (compare People v DeLaRosa, 236 AD2d 280, 281 [1997]). Furthermore, this period is not excludable under CPL 30.30 (4) (b) in the absence of a clear expression of consent (see People v Liotta, 79 NY2d 841 [1992]). Although defense counsel said "fine" in response to the trial court's suggestion of August 21 as an adjourned date, in context this amounted to a representation that such date was not inconvenient, but did not imply consent (see People v Smith, 82 NY2d 676 [1993]). Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and Acosta, JJ.