■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEITH KNIGHT, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Goldstein, J.), dated August 29, 1988, which, after a hearing, granted the

defendant's motion pursuant to CPL 30.30 to dismiss Kings County indictments Nos. 2019/86, 4459/86 and 4853/86 (see, *People v Knight*, 140 Misc 2d 1075).

Ordered that the order is affirmed.

The defendant was arrested at various times in 1986 and charged with committing a series of residential burglaries. The first felony complaint, which was filed in April 1986 gave rise to indictment No. 2019/86. Two other felony complaints were filed in July 1986 resulting in indictments Nos. 4459/86 and 4853/86. The defendant also was charged under indictment No. 3004/86 and brought to trial thereon between January 14, and January 28, 1987. This first trial ended in a mistrial after the jury was unable to reach a verdict. Thereafter, the defendant was retried on indictment No. 3004/86 and was convicted on April 9, 1987. On September 2, 1987, the defendant was sentenced to a term of 7½ to 15 years' imprisonment upon his conviction under indictment No. 3004/86. On September 8, 1987, he was transferred to the custody of the Attica Correctional Facility where he remained until March 17, 1988, when he was returned to the New York City Department of Correction. It appears that the defendant was brought to the courthouse, but not to the courtroom, on April 6, 1988, in connection with the foregoing pending indictments. On that date, the defendant filed a *pro se* motion to dismiss the three indictments pending against him for a violation of his right to speedy trial under CPL 30.30. The defendant's assigned counsel joined in this motion. In its decision, after a hearing, the Supreme Court concerned itself solely with the 188-day period between September 15, 1987, and March 21, 1988, during which the defendant was being held in Attica Correctional Facility. Finding this entire period chargeable to the People, the court granted the motion and dismissed indictments Nos. 2019/86, 4459/86 and 4853/86 for violation of CPL 30.30 (see, *People v Knight, supra)*. We affirm.

There is no question that the People had to announce their readiness for trial within 183 days as to indictment No. 2019/86 and 184 days as to indictments Nos. 4459/86 and 4853/86. The People concede on this appeal that they are properly chargeable with total delays of 83 days with respect to indictment No. 2019/86, 85 days with respect to indictment No. 4459/86 and 72 days with respect to indictment No. 4853/86. However, they maintain that most of the 188-day period from September 15, 1987, to March 21, 1988, should be excluded from consideration because the defendant's trial counsel requested or consented to a series of adjournments during this

period. Under the unusual circumstances of this case, we find the contention unavailing.

The People clearly had the duty and obligation to return the defendant from State prison to Kings County for trial on the remaining open indictments *(see, People v Masselli,* 13 NY2d 1; *People v Wojciechowski,* 143 AD2d 164; *People v Sylvester,* 29 AD2d 985). Indeed, as Presiding Justice Mangano observed in *People v Jones* (105 AD2d 179, 186 *affd* 66 NY2d 529): "it cannot be gainsaid that the People's failure to have defendant produced at trial clearly affects the People's continued readiness for trial, since defendant's presence is a prerequisite for proceeding to trial (US Const, 6th Amdt; NY Const, art I, § 6; CPL 260.20)."

Where the People delay in producing for trial a defendant who is incarcerated, the question of whether the delay is chargeable to the People is governed by CPL 30.30 (4) (c) and (e), which provide, in pertinent part, that the court shall exclude: "the period of delay resulting from the absence or unavailability * * * of the defendant * * * A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence * * * the period of delay resulting from detention of the defendant in another jurisdiction provided the district attorney is aware of such detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial". The focus upon the due diligence requirement is no different where the defendant is incarcerated within the same jurisdiction. As noted by Judge Meyer in *People v Anderson* (66 NY2d 529, 540): "[CPL 30.30 (4) (e)] excludes delay resulting from defendant's detention in *another* jurisdiction of which the District Attorney is aware provided he has been diligent in attempting to obtain defendant's return. A fortiori, therefore, due diligence must be shown if detention in the *same* jurisdiction is to be excluded."

In the case before us, the People failed to demonstrate that *any* diligent efforts were made to produce the defendant *(see, e.g., People v Jones,* 105 AD2d 179, *supra; cf., People v Scott,* 56 AD2d 667). However, this does not end the inquiry, as the People contend that their failure to produce the defendant for 188 days is of no consequence because (1) the 28-day period between September 15, 1987, and October 13, 1987, is excludable pursuant to a motion to dismiss pursuant to CPL 30.30 made on August 24, 1987, which was denied on October 13, 1987, and (2) 113 days of the delay are excludable pursuant to CPL 30.30 (4) (b) because they represent adjournments made

at the request of, or with the consent of, the defendant's trial counsel. The People are correct with respect to the first prong of their contention. CPL 30.30 (4) (a) requires exclusion of "a reasonable period of delay resulting from other proceedings concerning the defendant, including * * * pre-trial motions * * * and the period during which such matters are under consideration by the court". Inasmuch as the defendant's motion made on August 24, 1987, was "under consideration by the court" until October 13, 1987, it is clear that even if the People had produced the defendant during this period, the trial could not have gone forward due to the pendency of the defendant's motion. Accordingly, that 28-day period of delay resulted directly from the defendant's motion (see, People v Anderson, supra, at 536) and is excludable (see, CPL 30.30 [4] [a]).

However, the People's further claim that 113 days should be excluded due to the defense counsel's request for or consent to a series of adjournments is unpersuasive under the peculiar circumstances of this case. The record demonstrates that in September 1987 while incarcerated at Attica Correctional Facility, the defendant served a pro se notice on the District Attorney referring to his speedy trial rights under CPL 30.20 and requesting a final disposition of the pending indictments. Despite receipt of this notice, the District Attorney apparently took no action to have the defendant produced for trial. Moreover, when the defendant was finally returned from State prison in March 1988, he made a pro se motion to dismiss these indictments pursuant to CPL 30.30 on April 6, 1988, and his attorney subsequently joined in the motion. Hence, while it has been observed that exclusions of periods of delay under CPL 30.30 are generally based on theories of estoppel or waiver (see, People v Worley, 66 NY2d 523, 528), the facts of this case, in which the defendant expressly invoked his speedy trial rights and notified the District Attorney from prison that he desired a prompt resolution of the pending charges, simply do not support such a finding.

Indeed, the evidence clearly contradicts a knowing, voluntary and intelligent waiver of the defendant's right to a speedy trial (see generally, Johnson v Zerbst, 304 US 458), as he repeatedly pressed for the disposition of these indictments and for his rights under CPL 30.30 by motions and notices sent to the District Attorney. Therefore, the disputed 113 days of delay are properly chargeable to the People.

Since the People concede in their brief that they are chargeable with 83 days on indictment No. 2019/86, 85 days on

indictment No. 4459/86 and 72 days on indictment No. 4853/86, we find that the total time chargeable to the People is 196 days on indictment No. 2019/86, 198 days on indictment No. 4459/86 and 185 days on indictment No. 4853/86. In each case, this exceeds the allowable time set forth in CPL 30.30 (1) (a) (i.e., 183 days as to indictment No. 2019/86 and 184 days as to indictments Nos. 4459/86 and 4853/86) and the indictments were properly dismissed. In light of this result, we do not pass on the propriety of other periods claimed to be excludable by the People. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.