OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On November 2, 1988, defendant was indicted and charged with hindering prosecution in the first degree in violation of Penal Law § 205.65. The People filed a notice of readiness on March 23, 1989. In October 1989, defendant moved to dismiss *843 the indictment pursuant to CPL 30.30, on the ground that the People violated his statutory right to a speedy trial.
The People’s contention that a defendant consents to an adjournment either by failing to object to the adjournment, or by defense counsel’s failure to appear is meritless. The right to a speedy trial "is not dependent in any way on whether the defendant has expressed his readiness for trial” (People v Hamilton, 46 NY2d 932, 933-934). Thus, consent to an adjournment must be clearly expressed by the defendant or defense counsel to relieve the People of the responsibility for that portion of the delay. For this reason, the Appellate Division correctly held that the prereadiness period from February 27, 1989 to March 23, 1989 was chargeable to the People.
In addition, where, as here, the court grants adjournments after the People have announced the indictment ready for trial, the burden rests on the People to clarify, on the record, the basis for the adjournment so that on a subsequent CPL 30.30 motion the court can determine to whom the adjournment should be charged. Inasmuch as the People failed to do so in this case, the adjournment must be charged to them. For this reason, the period May 17, 1989 to June 14, 1989 was chargeable to the People.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.