■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST BISSERETH, Appellant. [598 NYS2d 781] —Judgment of the Supreme Court, New York County (Dorothy Cropper, J., at evidentiary hearings; Robert Haft, J. at speedy trial hearing; Budd G. Goodman, J., at trial), rendered December 18, 1986, convicting defendant, after jury trial, of burglary in the second degree and two counts of robbery in the second degree, and sentencing him to concurrent indeterminate terms of imprisonment of from 2 to 6 years, unanimously affirmed.

Defendant contends that he did not receive a speedy trial pursuant to CPL 30.30. Supreme Court determined that 128 days are chargeable to the People, a ruling which is not in dispute on appeal. Defendant asserts that three additional

time periods should be charged to the prosecution: (1) 33 days from December 5, 1985 to January 7, 1986; (2) 25 days from March 17 to April 11, 1986; and (3) 11 days from June 5 to June 16, 1986.

On September 23, 1985, defendant filed several motions, including a motion to sever his trial from that of his codefendant Pierre Sanon. Ultimately, a hearing was scheduled for December 5, 1985 but was not held because Sanon filed his own set of motions, including one seeking severance. Supreme Court thereupon adjourned the hearing until January 7, 1986 to afford the People the opportunity to respond to the points raised by codefendant.

The gravamen of defendant's argument is that because severance was eventually granted (on January 8, 1986), the time allotted for the People to respond to codefendant's motions should not be considered time consumed in motion practice pursuant to CPL 30.30 (4) (a).

Defendant's contention is without merit. There is no suggestion that Supreme Court unreasonably delayed determination of defendant's motion (see, People v Inswood, 180 AD2d 649, lv denied 79 NY2d 1002), nor that codefendant's application for severance was not material to that determination. As a general proposition, time properly chargeable to a party does not become chargeable to the opposition merely because the court subsequently renders a determination favorable to the proponent (People v Vidal, 180 AD2d 447, lv denied 80 NY2d 839 [post-readiness adjournments requested by codefendant chargeable to defendant despite ultimate severance of trials]; People v Toro, 151 AD2d 142, lv dismissed 75 NY2d 818 [time to decide motion to dismiss is a period consumed by motion practice despite granting of motion]).

The same reasoning applies to the People's contention that the period from March 17 to April 11, 1986 should be excludable from the time charged to the prosecution. On March 17, the People sought and obtained an adjournment until April 11 in order to try codefendant Sanon. However, on March 20, Sanon entered a plea of guilty to the indictment, at which time the People informed the Trial Justice in that case of their readiness to proceed to try defendant. Even accepting the validity of this declaration—to a different court and in the absence of defense counsel—it remains that the adjournment to April 11 was granted at the behest of the People, and a subsequent event which obviates the need for that adjournment does not render the time excludable.

Finally, the period from June 5 to June 16 is chargeable to the People. The statutory requirement for a speedy trial relates to prosecutorial readiness and is not dependent on the readiness of the defense to proceed to trial *(People v Liotta,* 79 NY2d 841). In any event, the requirement that a defendant's consent to an adjournment be clearly expressed on the record *(People v Cortes,* 80 NY2d 201, 215-216) has not been met in view of defense counsel's conceded absence on the date it was granted.

Adding to the 128 days chargeable to the prosecution, as found by Supreme Court and undisputed on appeal, the 25 days for the period March 17 to April 11 and the 11 days for the period June 5 to June 16, the People are chargeable with a total of 164 days, well within the statutory six-month requirement (CPL 30.30 [1] [a]). Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.