■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FARRELL WARING, Appellant. [615 NYS2d 21] —Judgment, Supreme Court, Bronx County (John Collins, J., at CPL 30.30 hearing; John Stackhouse, J., at jury trial and sentence), rendered on or about October 23, 1992, by which defendant was convicted, after a jury trial, of sodomy in the first degree

(four counts) and sexual abuse in the first degree (seven counts), and sentenced to a total indeterminate term of 6 to 18 years in prison, unanimously reversed, on the law and the indictment hereby dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

There is nothing in the record to contradict the hearing court's findings that the matter was marked ready and sent out for trial on July 6, 1992 and that the defendant's CPL 30.30 motion was served and filed the following day "before the trial commenced". The motion, therefore, was timely made (CPL 210.20 [2]). The hearing court's deferral of its determination of the motion until after the jury's verdict does not constitute a waiver or an abandonment of the motion by the defendant (cf., People v Rodriguez, 50 NY2d 553, 557-558; see also, People v Harris, 82 NY2d 409).

The defendant was arraigned on a felony complaint on February 17, 1991. Pursuant to CPL 30.30, the People had 182 days from that date, less any properly excludable time periods, to announce ready for trial (People v Stiles, 70 NY2d 765). The People announced ready and the case was sent out for trial on July 6, 1992. The record supports the hearing court's finding that the People conceded that out of the total number of days between February 17, 1991 and July 6, 1992, a total of 167 days of delay was chargeable to them.

The hearing court erred, however, in excluding the time period from February 17, 1991 to March 5, 1991 from the time chargeable to the People. It is clear that the obligation to obtain a proper accusatory instrument is the prosecutor's alone, and that absent some reasonable ground the time used to obtain an indictment is ordinarily chargeable to the People (People v Pomales, 159 AD2d 451, 452, lv denied 76 NY2d 847). Moreover, it has been stated that "consent to an adjournment must be clearly expressed by the defendant or defense counsel to relieve the People of the responsibility for that portion of the delay" (People v Liotta, 79 NY2d 841, 843).

The transcript of the February 17, 1991 proceedings shows that the defendant's counsel, in response to the People's request, stated only that the defendant would testify before the Grand Jury. Thereafter, the court set the conditions of the

defendant's release on his own recognizance and adjourned the matter to March 5, 1991. On appeal, the People state that the record implicitly shows that the standard practice in Bronx County at the time, was for the defendant to testify on the next adjourned date in order to avoid the inconvenience of having the defendant appear twice. They conclude therefore that the delay in presenting this case to the Grand Jury is chargeable to the defendant. There is no indication that the defense counsel either requested or affirmatively consented to that date or that the defendant was unavailable to testify before March 5, 1991.

Unlike *People v Muhanimac* (181 AD2d 464, *lv denied* 79 NY2d 1052), where defense counsel specifically requested the prosecutor to delay presentation of the case to the Grand Jury while he contacted the defendant to ascertain if he would testify, here the defendant was present, an affirmative answer was given to the prosecutor's inquiry as to whether defendant would testify and an adjourned date was set. There is absolutely no indication that the presentation of this matter to the Grand Jury was delayed at the behest or even with the affirmative consent of the defense. Consequently, the 16 days from February 17, 1991 through March 5, 1991 are chargeable to the People. With the addition of these 16 days to the 167 days conceded by the People the time chargeable to the People is 183 days.

It should be noted also that the hearing court erred in excluding the entire time period of March 5, 1991 to April 2, 1991. The record with respect to this time period, as it appears before this Court, is not determinative. It is clear that the People on March 5, 1991 initially requested the adjournment to the week of March 24, 1991 and that the matter was adjourned to April 2, 1991. Since the record does not adequately demonstrate that defense counsel either explicitly requested or clearly expressed his consent to the adjournment, the adjournment period must be charged to the People *(see, People v Liotta, supra)*. With the addition of either of the two time periods discussed the time chargeable to the People was clearly over the 182 day limit.

We do not reach the other issues raised by the defendant-appellant as the violation of defendant's rights under CPL 30.30 requires reversal and dismissal of the indictment. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.