■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BETANCOURT, Appellant. [629 NYS2d 423] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J., at trial and sentence; Lawrence Tonetti, J., on the speedy trial motion), rendered March 5, 1993, convicting defendant, after a jury trial, of two counts of robbery in the first degree and one count of attempted robbery in the first degree and sentencing him to concurrent indeterminate terms of imprisonment of from four to twelve years, four to twelve years and two to six years, respectively, unanimously reversed, on the law, defendant's speedy trial motion granted and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

A felony complaint accusing defendant of robbery was filed in this case on April 30, 1991; the People were required to be ready for trial 184 days later. (*See*, CPL 30.30 [1] [a]; *People v Osgood*, 52 NY2d 37, 43; *People v Lomax*, 50 NY2d 351, 356; *see also*, *People v Luperon*, 85 NY2d 71, 75.) When his trial had

not been commenced by November 1992, over 18 months later, defendant moved to dismiss the indictment on the ground he had been denied his right to a speedy trial. In their formal response, the People conceded only 65 includable days. The motion court denied the motion, without a hearing, finding that "the includable time for speedy trial purposes is less than 100 days."

Although the People now argue that defendant's original motion papers were deficient, they raised no such objection when they responded to the motion; nor did they claim that they could not adequately fashion a response. In fact, the People responded at length as to why the claimed periods of delay were excludable. In such circumstances, any claim that the moving papers failed adequately to provide specified factual allegations to require a response is waived. (*See, People v Fields*, 214 AD2d 332; *People v Mezon*, 80 NY2d 155, 160.) In any event, defendant was not required to refer specifically to every adjournment period in detailed fashion in order to sustain his burden. (*People v Luperon*, 85 NY2d 71, 77-78, *supra*.) A speedy trial motion need only include "sworn allegations that there has been unexcused delay in excess of the statutory maximum." (*People v Santos*, 68 NY2d 859, 861.) The burden then shifts to the People "to show that specific periods * * * should be excluded" (*supra*, at 861). Defendant, through his attorney's affirmation, met his burden by alleging his arrest on April 30, 1991, the People's lack of readiness on 15 specified dates and their unreadiness for a period exceeding six months. Defendant did not merely list the adjournment dates, as the People argue. He identified the specific adjournment periods chargeable to the People due to their lack of readiness, while noting periods that were excludable because of consent or motion practice. This was more than sufficient to put the People, as their response obviously implicitly acknowledged, on notice of defendant's speedy trial claims, as to which defendant never had a chance to reply. The court denied his motion, without a hearing, the next court day. Since, in our review of the record, we find more than six months of pre-trial delay attributable to the People, defendant's speedy trial motion should have been granted and the indictment dismissed.

Defendant was arraigned on the felony complaint on May 1, 1991 and the matter adjourned to May 6, 1991 for defendant to testify before the Grand Jury. Thus, the six-day period between the April 30, 1991 filing of the felony complaint and the May 6, 1991 adjourned date is not chargeable to the People since the case was presented to the Grand Jury on May 1, 1991

and adjourned to accommodate defendant's request to testify. As the People conceded, the 29-day adjournment period between May 6, 1991 and June 4, 1991 is chargeable to them. A subsequent adjournment to June 27, 1991 for the purpose of arraigning defendant, prompted by the absence of the indictment from the court file, is also chargeable to the People since there was nothing about this administrative delay that would "excuse the People from timely declaring their readiness for trial" (*People v Smith*, 82 NY2d 676, 678). Thus, this 23-day delay was chargeable to the People.

The People answered ready on June 27, 1991 and again on December 3, 1991. On March 24, 1992, an Assistant District Attorney stated that he was standing in for the Trial Assistant handling the case and, after an off-the-record discussion, the court adjourned the matter to May 5, 1992 with "[t]wo days chargeable to the People." In their answering papers, the People, stressing the fact that this was a post-readiness adjournment, claim that only two days should be charged to them because "[t]he People were ready for trial with two days notice." While the People cannot be charged with any time added to the requested adjournment because of court congestion or inconvenience when, in a post-readiness period, they request an adjournment for a specific number of days to a date certain, and explain why such a limited adjournment is necessary (*see, People v Collins*, 82 NY2d 177, 181; *People v Liotta*, 79 NY2d 841, 842), they may not avail themselves of that rule here since the record does not support their contention that they sought an adjournment to a date certain. When the record reveals no such request (*supra*), the People may not later contend that they asked for a specified period of adjournment. Nor did the People ever explain why an adjournment was being requested or how they might be ready again on two days notice. In any event, "ready" with two days notice was hardly a request for a specified period of adjournment and, even if the People had made such a statement, it constitutes neither a statement of present readiness nor a request for a specific adjournment. Absent an indication that they are presently ready to commence the trial, the People have failed to make an effective statement of readiness (*People v Kendzia*, 64 NY2d 331, 337). Thus, the entire period from March 24, 1992 through May 5, 1992, consisting of 42 days, is chargeable to the People. On May 5, 1992, the People stated they were not ready because the prosecutor was on trial in another Part. The stand-in prosecutor's statement that the prosecutor "will be ready in three days" should be construed as a request for a date certain, three days hence at which time the prosecutor anticipated

answering ready. The court adjourned the case to June 9, 1992. The People should be charged only with three days from May 5 to May 8, 1992. On June 9, 1992, the People were not ready and they asked for and received a one-week adjournment, which, as conceded, is chargeable to them. The People answered not ready on June 16, 1992 and obtained a one-day adjournment. The People's response to the motion indicates that the case was not called the following day. Although the record does not disclose how, or when, the case was adjourned, it appeared on the court calendar on August 18, 1992. While the People claim that the case was marked "ready and passed and adjourned to August 18, 1992", there is no record of such an adjournment. The People must communicate their readiness for trial on the record (*People v Hamilton*, 46 NY2d 932, 933). If the People were ready for trial any time during that adjournment it was their obligation to request an earlier adjourned date to declare their readiness or file a certificate thereof. They did neither and are chargeable with the entire adjournment period from June 16 to August 18, 1992, consisting of 63 days. On August 18, 1992, the People announced they were not ready because the prosecutor was on vacation and would not return until August 31, 1992. When the court asked if another assistant could try the case, the stand-in prosecutor stated that a replacement prosecutor could be assigned "[i]f they want the case tried." Defense counsel was not asked about the reassignment offer and did not comment other than to ask how much time would be chargeable to the People. The court adjourned the case to September 15, 1992 and charged the entire adjournment to the People. The prosecutor did not object to the date or indicate that the case would be reassigned. Since defendant never consented to the adjournment, the entire period from August 18, 1992 to September 15, 1992, consisting of 28 days, is chargeable to the People. The period from September 15, 1992 through September 23, 1992 is concededly chargeable to the People. When the People did not appear on September 23, 1992, the case was adjourned to October 20, 1992. Although this was a post-readiness period, continuing readiness should not be presumed. The People were not ready at the preceding calendar call and had done nothing to demonstrate that they were, in fact, ready to proceed on September 23, 1992. Thus, the entire 27-day adjournment is chargeable to them. On October 20, 1992 the People were not ready; they asked for and received a 15-day adjournment to November 4, 1992, which is chargeable to them.

Thus, the includable time periods add up to 245 days. The

speedy trial motion should have been granted and the indictment dismissed. Concur—Sullivan, J. P., Rubin, Asch, Nardelli and Tom, JJ.