Motion to strike appendix deemed withdrawn.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBARTOLO ALINCASTRE, Respondent. [934 NYS2d 403]—

The People argue that, in granting the motion, the court improperly charged them with the full 39 days of a postreadiness adjournment, from February 26 to April 6, 2009, rather than the seven days they specifically requested. The People filed a notice of readiness dated November 15, 2007; thus, this matter is subject to the general rule that when the People request an adjournment after having previously answered ready for trial, they may be charged only with the time they specifically request and not any additional time attributable to the court's grant of a longer adjournment for other reasons (see e.g. People v Delacruz, 241 AD2d 328 [1997], lv denied 90 NY2d 939 [1997]).

The minutes of February 26, 2009 reflect that the People requested a one-week adjournment, being unready to proceed to trial and having no information from the assigned prosecutor to convey concerning the case. Defense counsel then requested an adjournment to April 7th and, when apprised by the court of the dates available, amended his request to April 6th, to which

the court acceded. On the return date, the People answered not ready due to the unavailability of witnesses. The court inquired whether the People had filed a statement of readiness, and defense counsel responded that he did not think so because he could not locate one in the file. The court then stated, "File a Statement of Readiness. This is not ready. February 26th you weren't ready and indicated that a Statement of Readiness will be filed." When the court clerk produced a document, the court dismissed it, stating, "Do you have one—no, that's an old one. It is from 2007."

The motion court charged the People with the entire 39-day period on the ground that the judge's notes indicated that the People had been told to file a statement of readiness and, as the minutes of April 6 reflected, no such statement was filed. However, nothing in the minutes of February 26 supports the motion court's finding that the People were directed to file a statement of readiness (cf. *People v Nunez*, 47 AD3d 545, 546 [2008]), nor does the appendix contain any subsequently filed statement. The extent of the People's obligation is "to make a record sufficient to permit an appellate court to determine who should be charged with a post-readiness adjournment" (*People v Daniels*, 217 AD2d 448, 454 [1995], *appeal dismissed* 88 NY2d 917 [1996]), and the transcript of the proceedings clearly reflects that it was defense counsel who, on February 26, asked for an adjourned date beyond the single week requested by the People (*see People v Liotta*, 79 NY2d 841, 843 [1992]). The calendar notes relied upon by the motion court are not dispositive of the issue (*see People v Berkowitz*, 50 NY2d 333, 349 [1980]). Nor are they consistent with the record, which is in any event controlling (*see Daniels*, 217 AD2d at 454). Concur—Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ.