People v Gonzalez (2024 NY Slip Op 50894(U))

[*1]

People v Gonzalez

2024 NY Slip Op 50894(U)

Decided on July 12, 2024

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 12, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Miguel Gonzalez, Defendant

Docket No. CR-000902-24KN

Prosecution: Kings County District Attorney's Office by ADA Joseph Papeo
Defendant: Brooklyn Defender Services by Isabel Zeitz-Moskin, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that omissions in the Prosecution's automatic discovery render their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion is DENIED.
BACKGROUND AND PRIOR PROCEEDINGS
On January 7, 2024, Defendant was arraigned on a misdemeanor docket charging PL §120.14(1), Menacing in the Second Degree and related charges. The Prosecution served initial discovery and served and filed a superseding information (SSI) on January 10, 2024. On January 27, 2024, the Prosecution served and filed a COC and SOR, along with additional discovery. On February 9, 2024, the case was called in Part DV1, and Defendant was re-arraigned on the SSI. On May 3, 2024, the Court set a motion schedule. Defendant filed the instant motion to dismiss on June 4, 2024.
Defendant argues that the Prosecution's failure to disclose the Early Case Assessment Bureau (ECAB) screening sheet prior to filing their COC renders it invalid. Defendant points out that, while the document is listed on the COC, it was not turned over.
The Prosecution argues that their COC was filed in good faith after exercising due diligence and is thus valid under CPL §245.50. They argue that inadvertently omitting a single document does not negate otherwise diligent execution of their disclosure duties. To demonstrate their diligence, the Prosecution lists several measures they took to ascertain relevant materials prior to filing their COC. They assert that they have disclosed approximately one hundred and thirty-two documents and video files to Defendant. They also highlight Defendant's failure to diligently confer about missing discovery at any point during the case, as required by statute. The Prosecution accuses Defendant of lying in wait, alerting the Prosecution of their oversight [*2]only after the speedy trial clock had run out. They assert that after Defendant filed the instant motion, they disclosed the ECAB screening sheet with a Supplemental Certificate of Compliance (SCOC).
RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution . . . shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
If the prosecution provides additional discovery after filing their COC but prior to trial, they must file a SCOC, detailing the additional materials (CPL §245.50[1]). In the SCOC, the prosecution must also detail the basis for the delayed disclosure so the court may evaluate whether the late disclosure affects the validity of the original COC (CPL §245.50[1-a]; see also People v Bay, 41 NY3d 200 [2023]). The filing of a SCOC shall not affect the validity of the original COC if the COC was filed in good faith after exercising due diligence (id.).
Pursuant to CPL §30.30(7)(c), where a defendant is charged with a felony complaint that is later reduced to a misdemeanor complaint, the prosecution must declare trial readiness within ninety days from the date the misdemeanor complaint is filed, so long as the aggregate period has not exceeded six months. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial . . . until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 
ANALYSIS
It is undisputed that the ECAB screening sheet is subject to automatic discovery (CPL §245.20[1][e]). The question before the Court is whether its omission is enough to invalidate the [*3]COC. Under the circumstances presented, it is not.
The discovery statute demands due diligence and good faith, not perfection (CPL §245.50[1]; People v Bay, 41 NY3d 200 [2023]). Merely claiming benign error will not satisfy an unmet burden; to pass muster, the prosecution's efforts must be reasonable, which is a case-specific inquiry that turns on the circumstances before the court (People v Bay, 41 NY3d at 212). The Court considers the efforts the Prosecution sets forth: their timeliness and strict adherence to deadlines; the volume of discovery disclosed; their persistent attempts to collect materials from the police, comprising seven separate requests beginning merely days after arraignment; and the fact that they turned over the document after being notified of their mistake. That they erred in not sending a single document cannot overshadow the pains they took to scrupulously honor their obligation.
It is true that the document at issue would have been obvious to the Prosecution, as it was generated by their office. This is further evinced by the fact that they listed it on their COC. Clearly, they were aware of its existence and discoverability. The Court also credits Defendant's argument that the ECAB screening sheet is an important piece of discovery; it is inconsequential that the information contained therein may have been available in other materials (CPL §245.20[1]). However, this is where the Prosecution's timeliness becomes most pertinent.
In cases such as this where the defendant is at liberty following arraignment, CPL §245.10(1)(a)(ii) mandates that the prosecution serves initial discovery on the defendant within thirty-five days. CPL §245.20(1) clarifies that "initial discovery" contemplates all items of automatic discovery within the Prosecution's custody or control that do not require some special measure prior to disclosure, such as a protective order. In this case, the Prosecution served initial discovery and filed a COC twenty days after arraignment. CPL §245.50(4)(ii) mandates that, when a party is aware of a defect in a COC, he or she must alert the opposing party "as soon as practicable." Here, Defendant had the COC for ninety-seven days before making any mention of a defect. Even allowing for a generous window of time, it stretches the imagination to suggest that the soonest practicable time Defendant could alert the Prosecution of the oversight was more than three months later. Had Defendant honored his obligation to timely alert the Prosecution of the oversight, the issue could have been resolved expeditiously, sometime in the sixty-three days between when the COC was filed and the speedy trial deadline.
Under the circumstances presented, the Court finds that the Prosecution has demonstrated due diligence, and the COC was filed in good faith.
CONCLUSION
The case commenced on January 7, 2024, and the COC filed on January 27, 2024, was statutorily valid. The Prosecution is charged twenty days. Accordingly, Defendant's motion to dismiss pursuant to CPL §30.30 is denied.
This constitutes the decision and order of the Court.
Dated: July 12, 2024
Hon. Joshua Glick, JCC